Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Samir S. Kasha,** an individual;  Plaintiff,  v.  **Unifund CCR Partners,** a New York partnership;  Defendant. | No.  **COMPLAINT**  (Jury Trial Demanded) |

Plaintiff, Samir S. Kasha, by and through counsel undersigned and in good faith, alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and/or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. STATUTORY STRUCTURE OF FCRA.

8. When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." FCRA § 1681(a)(1).

9. Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1985).

10. In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b). The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes. Johnson v. MBNA, 357 F.3d. 426 (4th Cir. 2004); Cushman v. Trans Union Corporation, 115 F.3d 220, 227 (3d Cir. 1997).

11. Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action. FCRA §§ 1681n and *o*.

### IV. JURISDICTION

12. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## V. PARTIES

13. Plaintiff is a citizen of Maricopa County, Arizona.
14. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
15. Defendant Unifund CCR Partners ("Unifund") is a New York partnership.
16. Unifund is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0907503.
17. Unifund regularly collects or attempts to collect debts owed or asserted to be owed or due another.
18. Unifund regularly collects or attempts to collect debts which it has purchased after default.
19. Unifund is a "debt collector" as defined by FDCPA § 1692a(6).
20. Unifund is a "person" as defined by FCRA § 1681a(b).
21. Unifund is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## VI. FACTUAL ALLEGATIONS

22. In November 2005, Plaintiff was sued in Maricopa County Superior Court by Unifund for a debt it had alleged purchased from CitiBank.
23. The CitiBank debt was incurred for personal, family or household purposes.
24. On May 17, 2006, the Superior Court dismissed the action with prejudice, pursuant to a stipulation of the parties.
25. In February 2007, Plaintiff obtained a copy of his Experian credit report.

26. The Experian credit report showed that Unifund had reported its tradeline to Experian as an open collection account from May 2006 through February 2007.
27. The Experian credit report also showed that Unifund reported a balance owing of $16,876.
28. Plaintiff immediately disputed the Unifund tradeline with Experian.
29. Upon information and belief, Experian contacted Unifund concerning Plaintiff's dispute of its tradeline.
30. Upon information and belief, Unifund verified to Experian that its tradeline was reported correctly.
31. Plaintiff subsequently received a credit report from Experian dated March 26, 2007 showing that Unifund had verified its tradeline to Experian as reported correctly.
32. The March 26, 2007 report showed that Unifund had verified its tradeline, and updated the balance owing to $17,260.
33. The March 26, 2007 Experian report also showed that Unifund had reported its tradeline as a collection account to Experian from May 2006 to March 2007.
34. The March 26, 2007 Experian report also reflected that Unifund had not reported to Experian that Plaintiff disputed the account.
35. Plaintiff again disputed the Unifund account with Experian in February 2008.
36. Upon information and belief, Experian contacted Unifund concerning Plaintiff's dispute of its tradeline.
37. Upon information and belief, Unifund verified to Experian that its tradeline

was reported correctly.

38. Plaintiff subsequently received a credit report from Experian dated February 28, 2008 showing that Unifund had verified its tradeline to Experian as reported correctly.

39. The February 28, 2008 Experian report also showed that Unifund was reporting the account with a balance of $22,625 owing, and past due as of February 2008.

40. Plaintiff also disputed the Unifund tradeline with Equifax in February 2008.

41. Upon information and belief, Equifax contacted Unifund concerning Plaintiff's dispute of its tradeline.

42. Upon information and belief, Unifund verified to Equifax that its tradeline was reported correctly.

43. Plaintiff subsequently received a credit report from Equifax dated March 2, 2008 showing that Unifund had verified its tradeline to Equifax as reported correctly.

44. The Equifax report also showed that Unifund was reporting the account with a balance owed of $22,625.

45. On August 4, 2008, Plaintiff obtained reports from Experian and Equifax which showed that Unifund was continuing to report its account to Plaintiff's credit file with a balance owing of $25,494.

46. Unifund's actions as outlined above were taken as part of its persistent and routine practice of debt collection, and were made in an effort to coerce payment from Plaintiff of a debt he did not owe.

47. Defendant has continued to report inaccurate, derogatory and improper

information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

48. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, and continues to suffer damages.

## VII.  CAUSES OF ACTION

### a.  Fair Debt Collection Practices Act

49. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

50. Defendant Unifund's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

51. As a direct result and proximate cause of Defendant Unifund's violations of the FDCPA, Plaintiff has suffered actual damages for which it is liable.

### b.  Fair Credit Reporting Act

52. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

53. Defendant Unifund failed to conduct a reasonable investigation of Plaintiff's disputes that it received from the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).

54. Defendant Unifund has willfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.

55. As a result of Defendant Unifund's actions, Plaintiff has been damaged.

56. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any

- 7 -

|   |   |   |
|---|---|---|
| 1 |  | consumer is liable to that consumer in an amount equal to the sum of (1) |
| 2 |  | any actual damages sustained by the consumer as a result of the failure and |
| 3 |  | (2) in the case of any successful action to enforce any liability under 15 |
| 4 |  | U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' |
| 5 |  | fees. |
| 6 | 57. | As a result of Defendant's negligent failure to comply with the FCRA, |
| 7 |  | Defendant is liable to Plaintiff in an amount equal to the sum of (1) any |
| 8 |  | actual damages sustained by Plaintiff as a result of said failure and (2) the |
| 9 |  | costs of this action together with reasonable attorneys' fees. |
| 10 | 58. | Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply |
| 11 |  | with any requirement imposed under the FCRA with respect to any |
| 12 |  | consumer is liable to that consumer in an amount equal to the sum of (1) |
| 13 |  | any actual damages sustained by the consumer as a result of the failure or |
| 14 |  | damages or not less than $100.00 and not more than $1,000.00; (2) such |
| 15 |  | amount of punitive damages as the court may allow; and (3) in the case of |
| 16 |  | any successful action to enforce any liability under 15 U.S.C. § 1681n, the |
| 17 |  | costs of the action together with reasonable attorneys' fees. |
| 18 | 59. | As a result of Defendant's willful failure to comply with the FCRA, |
| 19 |  | Defendant is liable to Plaintiff in an amount equal to the sum of (1) any |
| 20 |  | actual damages sustained by Plaintiff as a result of the failure or damages |
| 21 |  | of not less than $100.00 and not more than $1,000.00 for each such |
| 22 |  | violation; (2) such amount of punitive damages as the court may allow; and |
| 23 |  | (3) the costs of this action together with reasonable attorneys' fees. |

### VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

f) Such other relief as may be just and proper.

DATED  August 21, 2008  .


   s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff